UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EARVIN EALY,

    Plaintiff,

v.   Case No. 5:14cv151-RV-CJK

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff's third amended civil rights complaint names 7 defendants: the Florida Department of Corrections, Corrections Corporation of America ("CCA"), Nurse Womble, Health Systems Administrator Doyle, Nurse Adams, Dr. Kats-Kagan, and Unit Manager Sawyer. (Doc. 47). Doyle and Kats-Kagan, however, have not been served with the complaint.

The court initially directed the United States Marshals Service ("USMS") to send waiver of service forms to Doyle and Kats-Kagan at Graceville Correctional Facility. (Docs. 23, 26). CCA subsequently advised the court it no longer employed Doyle and Kats-Kagan. (Doc. 30). CCA, however, did provide the court with the last known addresses of the defendants. (Docs. 30, 32, 34). The USMS's attempts to personally serve Doyle and Kats-Kagan at the addresses provided were

unsuccessful. (Docs. 37, 50). The summons for Kats-Kagan was returned unexecuted with the notation "defendant moved and whereabouts are unknown." (Doc. 55). The summons for Doyle was returned unexecuted with the notation "1st endeavor - no answer - appears to be wrong address." (Doc. 68).

On October 25, 2016, the court ordered plaintiff to, within 21 days, submit addresses at which defendants Doyle and Kats-Kagan could be served or show cause why the claims against Doyle and Kats-Kagan should not be dismissed for failure to effect timely service. (Doc. 89); *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). On November 16, 2016, the court granted plaintiff an additional 45 days to submit the addresses for Doyle and Kats-Kagan. (Doc. 91). Plaintiff was advised that failing to provide the addresses would result in a recommendation that his claims against Doyle and Kats-Kagan be dismissed. To date, plaintiff has not submitted the addresses. Because the court and the USMS have made reasonable efforts to serve Doyle and Kats-Kagan, and plaintiff has failed to submit addresses at which service can be effected, the claims against these defendants should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's claims against defendants Doyle and Kats-Kagan be DISMISSED for failure to effect timely service.

At Pensacola, Florida, this 24th day of January, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636